Although I agree with the majority's conclusion that the judgment of the trial court be affirmed, I do so, in part, for slightly different reasons. Accordingly, I concur separately.
In appellant's second assignment of error, she claims her response, purportedly invoking her constitutional right to counsel, should not have been allowed before the jury. We need not resolve whether appellant's response to the detective's question, even if it falls short of actually requesting counsel, should have been admitted into evidence. Even if the statement was improperly allowed, I cannot conclude it rises to the level of plain error, as appellant's response suggests her need for counsel arises less out of a fear of incriminating herself and more out of her unfamiliarity with DNA.
I also hesitate to hold, as the majority holds, that plain error and prejudice from ineffective assistance of counsel are analyzed by the same test. Plain error occurs when, but for the error, the outcome of the trial clearly would have been different. The test for prejudice from ineffective assistance of counsel appears to apply a slightly lower standard, as it requires a showing that the outcome of the trial probably would have been different.
I recognize that in State v. Braxton (June 6, 1985), Franklin App. No. 84AP-924, this court deemed the two tests to be equivalent when it reviewed counsel's failure to request a jury instruction. See, also, State v. Horsley, Franklin App. No. 05AP-350, 2006-Ohio-1208 (deeming the two tests equivalent in the context of instructions to the jury). The present case does not address, for the most part, claimed ineffective assistance of counsel for failing to request jury instructions, and I disagree with the majority's applying the plain error test when virtually all of the more recent case law applies the probability standard to claims of ineffective assistance of counsel. Even if, however, I were to apply the plain error standard, I cannot conclude that the outcome of the trial probably would have been different but for the alleged deficiencies in trial counsel's performance that appellant raises on appeal.
Specifically, because I agree that appellant's first assignment of error fails to demonstrate error, it also lacks persuasiveness when argued as ineffective assistance of counsel. For the reasons noted in this separate opinion, appellant's equivocal statement about an attorney is insufficient to demonstrate that the outcome of the trial probably would have been different but for the trial court's admitting her response to the detective's inquiry. Appellant's contentions regarding defense counsel's objections and improper questions arguably fail to demonstrate that counsel performed inadequately, but in any event they do not demonstrate the requisite prejudice. Lastly, the trial court properly concluded an accomplice instruction was unnecessary in view of the lack of accomplice evidence.
Accordingly, I concur in the majority's determination that the judgment of the trial court be affirmed.